**UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**          2014 JAN 24  PM 1:08
**JACKSONVILLE DIVISION**

**CIVIL RIGHTS COMPLAINT FORM TO BE USED BY**
**INMATES IN ACTIONS UNDER 42 U.S.C. §1983**

**EDDIE POWELL**
    Plaintiff,
**v.**                          Case No.   3:13-CV-904-J-32MCR

**MICHAEL D. CREWS** *et al,*
    Each Individually, and in their
    Official Capacities, Jointly and Severally,
    Defendant(s),

_____/

*(Enter Name and title of each Defendant.*
*If Additional space is required, use the*
*Blank area below and directly to the right.)*

PROVIDED TO SANTA
ROSA C.I. ON

JAN 2 _

FOR MAILING

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

## I.   PLAINTIFF:

State your full name, Inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:     **EDDIE POWELL**
Inmate number:         **777329**
Prison or Jail:        **Santa Rosa Correctional Institution (Annex),**
Mailing Address:       **5850 East Milton Road**
                       **Milton, Florida 32583 – 7914 – R050**

## II.   DEFENDANT(S):

State the **name** of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.   Do the same for **every** Defendant:

(1)   Defendant:          **Michael Crews**
      Official Position:  **Secretary, Florida Department of Corrections**
      Employed at:        **Florida Department of Corrections**
      Mailing Address:    **501 South Calhoun Street**
                          **Tallahassee, Florida 32399-2500**

(2)   Defendant:          **Warden Lander**
      Official Position:  **Warden**
      Employed at:        **Florida Department of Corrections (Suwannee C.I.)**
      Mailing Address:    **Suwannee Correctional Institution**
                          **5796 U.S. Hwy 90**
                          **Live Oak, Florida 32060**

(3)   Defendant:          **E. Mock**
      Official Position:  **Asst. Warden**
      Employed at:        **Florida Department of Corrections (Suwannee C.I.)**
      Mailing Address:    **Suwannee Correctional Institution**
                          **5796 U.S. Hwy 90**
                          **Live Oak, Florida 32060**

(4)   Defendant:          **Levens**
      Official Position:  **Asst. Warden**
      Employed at:        **Florida Department of Corrections (Suwannee C.I.)**
      Mailing Address:    **Suwannee Correctional Institution**
                          **5796 U.S. Hwy 90**
                          **Live Oak, Florida 32060**

(5)  Defendant:         **Colonel**
     Official Position:  **Colonel**
     Employed at:       **Florida Department of Corrections (Suwannee C.I.)**
     Mailing Address:   **Suwannee Correctional Institution**
                        **5796 U.S. Hwy 90**
                        **Live Oak, Florida 32060**

(6)  Defendant:         **Major Pride**
     Official Position:  **Major**
     Employed at:       **Florida Department of Corrections (Suwannee C.I.)**
     Mailing Address:   **Suwannee Correctional Institution**
                        **5796 U.S. Hwy 90**
                        **Live Oak, Florida 32060**

(7)  Defendant:         **Major Lukens**
     Official Position:  **Major**
     Employed at:       **Florida Department of Corrections (Suwannee C.I.)**
     Mailing Address:   **Suwannee Correctional Institution**
                        **5796 U.S. Hwy 90**
                        **Live Oak, Florida 32060**

(8)  Defendant:         **Captain Butler**
     Official Position:  **Captain**
     Employed at:       **Florida Department of Corrections (Suwannee C.I.)**
     Mailing Address:   **Suwannee Correctional Institution**
                        **5796 U.S. Hwy 90**
                        **Live Oak, Florida 32060**

(9)  Defendant:         **Sgt. L. Corbin**
     Official Position:  **Sergeant**
     Employed at:       **Florida Department of Corrections (Suwannee C.I.)**
     Mailing Address:   **Suwannee Correctional Institution**
                        **5796 U.S. Hwy 90**
                        **Live Oak, Florida 32060**

(10) Defendant:         **Sgt. Silva**
     Official Position:  **Sergeant**
     Employed at:       **Florida Department of Corrections (Suwannee C.I.)**
     Mailing Address:   **Suwannee Correctional Institution**
                        **5796 U.S. Hwy 90**
                        **Live Oak, Florida 32060**

(11)   Defendant:          **Officer Williamson**
       Official Position:  **Officer**
       Employed at:        **Florida Department of Corrections (Suwannee C.I.)**
       Mailing Address:    **Suwannee Correctional Institution**
                           **5796 U.S. Hwy 90**
                           **Live Oak, Florida 32060**

(12)   Defendant:          **Officer Horn**
       Official Position:  **Officer**
       Employed at:        **Florida Department of Corrections (Suwannee C.I.)**
       Mailing Address:    **Suwannee Correctional Institution**
                           **5796 U.S. Hwy 90**
                           **Live Oak, Florida 32060**

(13)   Defendant:          **Jefferey Beasley**
       Official Position:  **Inspector General**
       Employed at:        **Florida Department of Corrections (Suwannee C.I.)**
       Mailing Address:    **501 South Calhoun Street**
                           **Tallahassee, Florida 32399-2500**

(14)   Defendant:          **J. Aviles CHO**
       Official Position:  **Medical Doctor**
       Employed at:        **Florida Department of Corrections (Union C.I.)**
       Mailing Address:    **Union Correctional Institution**
                           **7819 N.W. 228th Street**
                           **Raiford, Florida 32026**

(15)   Defendant:          **W.D. Rummel M.D.**
       Official Position:  **Medical Doctor**
       Employed at:        **Florida Department of Corrections (Santa Rosa C.I.)**
       Mailing Address:    **Santa Rosa Correctional Institution**
                           **5850 East Milton Road**
                           **Milton, Florida 32583**

(16)   All the Defendants have acted, and continue to act under the color of state law at all times relevant to this complaint, and claims are stated in terms of civil rights Title 42 U.S.C. §§1983, *et. seq. Plaintiff reserves the right to amend this pleading as a matter of course when more facts and other persons become known that may have culpability to these allegations that are presently unknown to Plaintiff.* Plaintiff gives notice that Defendants shall preserve all evidence related to the allegations herein that may be related in the third degree of relation. Any doubt as to the determination of relevancy shall be construed in favor of preservation of the evidence.

## ATTACH ADDITIONAL PAGES TO NAME ADDITIONAL DEFENDANTS
## NONE

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. §1997(e)(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

To conform to the exhaustion requirement of the Anti-terrorism and Effective Death penalty Act (AEDPA) of 199, the Prison Litigation Reform Act (PLRA) of 199, and the provisions of 42 U.S.C. §1997(e)(a), Plaintiff used the Inmate grievance procedure available at the Madison County Jail to try to solve the problem. Plaintiff presented the facts relating to this complaint. Plaintiff never received a response saying that the grievance had been addressed or that the grievance had been denied.

### IV.   PREVIOUS LAWSUITS:

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action or otherwise relating to your imprisonment or conditions thereof? YES ( )     NO ( **X** )

1.   Parties to previous action:     **NOT APPLICABLE**
    (a)   Plaintiff(s): _____
    (b)   Defendant(s): _____
2.   Name of Judge: _____ Case No. _____
3.   County and Judicial Circuit: _____
4.   Approximate Filing Date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for Dismissal: _____
7.   Facts and Claims of Case: _____

B.   Have you initiated other actions in **federal court** dealing with the same of similar facts/issues involved in this action or otherwise relating to your imprisonment or conditions thereof? YES ( )     NO ( **X** )

1.   Parties to previous action:     **NOT APPLICABLE**
    (a)   Plaintiff(s): _____
    (b)   Defendant(s): _____
2.   Name of Judge: _____ Case No. _____
3.   County and Judicial Circuit: _____

4.      Approximate Filing Date: _____

5.      If not still pending, date of dismissal: _____

6.      Reason for Dismissal: _____

7.      Facts and Claims of Case: _____

C.      Have you initiated other actions (besides those listed above in Questions (A) and (B) **in either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complains about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

YES ( )   NO ( **X** )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.      Parties to previous action:      **NOT APPLICABLE**

(a)   Plaintiff(s): _____

(b)   Defendant(s): _____

2.      Name of Judge: _____ Case No. _____

3.      County and Judicial Circuit: _____

4.      Approximate Filing Date: _____

5.      If not still pending, date of dismissal: _____

6.      Reason for Dismissal: _____

7.      Facts and Claims of Case: _____

D.      Have you ever had any actions in federal court that have been dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed.      YES ( )   NO ( **X** )

1.      Parties to previous action:      **NOT APPLICABLE**

(a)   Plaintiff(s): _____

(b)   Defendant(s): _____

2.      Name of Judge: _____ Case No. _____

3.      County and Judicial Circuit: _____

4.      Approximate Filing Date: _____

5.      If not still pending, date of dismissal: _____

6.      Reason for Dismissal: _____

7.      Facts and Claims of Case: _____

## V.   STATEMENT OF FACTS:

State briefly the **FACTS** of this case. Describe how **each** Defendant was involved and what each person did not do nor did not do which gives rise to your claim.   In describing what happened, state the names of persons involved, dates, and places.   **Do not make any legal arguments or cite to any cased or statutes.** You must set forth separate factual allegations in separately numbered paragraphs.   You make copies of this page if necessary to supply all the facts.   Barring extraordinary circumstances, **no more than five (5) additional pages should be attached.   (If there are facts, which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

On February 21, 2013, I filed a direct grievance sensitive nature against Sgt. L. Corbin,_____, Sgt. _Silva,_____, Captain _Butler,_____ and Officer _Horn,_____.

On January 29, 2013, I was brutally assaulted beat and battered by Sgt. L. Corbin, Sgt. Silva and Officer Horn, all for retaliation, for filing grievances, my family calling and complaining about the Threats and me Eddie Powell Jr., a mentally ill disabled American, giving sworn statements to the Inspector against Sgt. L. Corbin. Then, I was gassed by Captain Butler not even 45 minutes afterwards while naked in a secured shower, while having chest pains and having problems breathing.

On January 29, 2013, while on the Rec yard, I was called over the loud speaker and told to report to center gate, I had just got out of the canteen line and came back from the dorm from putting up my purchase. So I gave one of my friends my MP3 player to hold while I went to center gate. Once there, I saw Officer Allen who works center gate, he asked "Where are you going Powell?" I replied, "I don't know, they just called me over the loud speaker and told me to report to center gate." He looked at the call-out sheet didn't see my name and told me to go back to the yard. [Note: I want all yard cameras reviewed between 10:20 a.m. and 11:40 a.m. accordance 33-602.033 (4) (10) (12) policy]. and saved and preserved for federal litigation evidence. While back on the yard a few minutes later, once again I was called on the loud speaker and told to report to center gate. Once at center gate, Officer Allen told me to

go to property. [Note: nothing gets past Officer Allen, without a pass or being on the call-out.] I got to property about 10:40 a.m., when I first walked in the blinds were up and the door was open to Sgt. Silva's office. There were 4 other inmates in the property room 2 inmates receiving property and the 2 inmates that worked in property. Officer Horn said "Don't you pay attention to the call-out? Sit down." Sgt. L. Corbin walked in the restroom. The two inmates got their property and left. Sgt. Corbin came out of the restroom and walked to the back followed by Officer Horn and the 2 Property inmates. A few minutes later, the 2 inmates left. I thought they were going to make me wait for being late. [Note: I was never late I wasn't even on the call-out. Sgt. Corbin does not put out a call-out. He would call center gate and the dorms giving them a list of names. Anybody on the compound will tell you this. That is how it was being done in Nov.-Dec. 2012 and Jan. 2013.] So I'm sitting there wondering what I'm picking up hoping it's a food package, when I hear over the loud speaker the yard is closed. At that time, Sgt. L Corbin walks out of the back storage room and walks by me heading to Sgt. Silva's office. He taps on the door and sticks his head in, they talked for a few seconds, [Note: Now the blinds are down and the door was closed.] Sgt. Corbin then closes the door walks by me and says "You're still filing grievances" and then sprays me in the eyes and face. Then he punches me in the face knocking me to the floor and starts kicking and stomping me saying I told you I'd get you. I crawled under one of the benches after he punches me in the back of the head and the side of the face. When he see's he cant get to me the way that he wants to. He tells me to cuff up. At this point, I'm scared in fear of my life. If I cuff up I don't know what they are going to use me not cuffing up to justify the assault and battery on me saying I was resisting. So I cuff up, get stomped on and then Sgt. Silva pulls me from under the benches and rams my face into the wall, then proceeds to punch and kick me. At this time, I'm trying to protect my face. My back and my neck are killing me. As I look the other way I see Officer Horn kicking at me, then I hear Sgt. L. Corbin calling in a use of force saying I swung at him. Before I know it I

hear "camera, camera" and the beating stops. I'm then escorted to confinement by Captain Butler and several officers. Once there I'm placed in the shower to rinse off the gas. as soon as I stick my face under the water I start having problems breathing and chest pains. I tell Captain Butler I'm having problems breathing and chest pains, he tells me to cuff up. I tell him I'm not resisting and I'm not refusing, I'm having problems breathing and chest pains. I'm also in fear of my life. I'm having a panic attack. Captain Butler tells me to get up or chemical agents will be used, a few minutes I'm gassed naked while I'm in the shower. [Note: Please SEE and save hand held camera. In accordance to 33-602.033 (4) (10) (12) policy save and preserve for FEDERAL litigation.]

From the Statement of facts, you can attest that I was physically harmed, the guard's actions were not necessary or reasonable to maintain prison discipline, and I've suffered physical and mental harm. I've had neck, lower back, right shoulder, and right knee pain. I've been under mental health care in a CSU/TCU Mental Health D.O.C. Hospital since the date of the incident January 29, 2013.

Plaintiff would assert that even though Plaintiff was initially seen by medical, Plaintiff has not been able to get adequate medical care. Plaintiff has asked several times for a consultant and for an outside second opinion, which is a clear case of deliberate indifference to Plaintiff's serious medical needs. This violated Plaintiff's rights and constitutes Cruel and Unusual Punishment.

1. Defendant _____ Lander is the warden of Suwannee Correctional Institution. He is legally responsible for the operation of Suwannee Correctional Institution and for the welfare of all the inmates of that prison.

2. Defendant Michael Crews, Secretary of the Florida Department of Corrections, is the head of all Florida Department of Corrections. He is responsible for the overall operation of the Department and each institution under its jurisdiction, including Suwannee Correctional Institution.

**3.** Defendant E. _____ Mock, Asst Warden of Suwannee Correctional Institution. He is legally responsible for the operation of Suwannee Correctional Institution and for the welfare of all the Inmates of that prison.

**4.** Defendant _____ Levens, Asst. Warden of Suwannee Correctional Institution. He is legally responsible for the operation of Suwannee Correctional Institution and for the welfare of all the inmates of that prison

**5.** Defendant Major _____ Lukens is a correctional officer of the Florida Department of Corrections who, at all times mentioned in this complaint held the rank of Major. Plaintiff made Major Lukens aware of misconduct and threats of abuse and Major Lukens chose not to help Plaintiff.

**6.** Defendant Major _____ Pride is a correctional officer of the Florida Department of Corrections who, at all times mentioned in this complaint held the rank of Major. Plaintiff was brought before Major Pride to explain the complaint that his family made on his behalf about THREATS of abuse from Sgt. L. Corbin and Officer Williamson. Plaintiff asked to be placed in protective custody and Major Pride chose to look the other way and not to place Plaintiff under Protective care. See EXHIBITS.

**7.** Defendant Jefferey Beasley is the Head Inspector General over all the Florida Department of Corrections. Defendant was instructed by several agencies to investigate the threats of abuse and had the power to remove and protect the Plaintiff from the abuse and retaliation of said officers. The Attorney general and the Governors office notified the Inspector General on several occasions and forwarded Plaintiff's letters of threats, abuse and retaliation. See EXHIBITS.

**8.** Defendant Captain _____ Butler is a correctional officer with the Florida Department of Corrections who held the rank of Captain assigned to Suwannee Correctional Institution. On January 29, 2013, Captain Butler gassed Plaintiff while naked in a secure shower while Plaintiff was having a panic attack,

chest pains, and breathing problems causing Plaintiff physical and emotional harm. [See EXHIBITS grievances.]

9. Defendant Sgt. L _____ Corbin is a correctional officer with the Florida Department of Corrections who at all times mentioned in this complaint held the rank of Sergeant assigned to Suwannee Correctional Institution. On January 29, 2013, Sgt Corbin, gassed, punched, kicked, and stomped Plaintiff. Defendant brutally beat Plaintiff causing neck, lower back, shoulder, right knee pain and emotional harm. See EXHIBITS ( ) ( ).

10. Defendant Sgt. _____ Silva is a correctional officer with the Florida Department of Corrections, who at all time mentioned in this complaint, held the rank of Sergeant assigned to Suwannee Correctional Institution. On January 29, 2013, Sgt. Silva slammed Plaintiff's head into the wall while in hand cuffs and brutally beat plaintiff causing neck, lower back, shoulder, and right knee pain and emotional harm. See EXHIBITS.

11. Defendant Officer _____ Horn is a correctional officer with the Florida Department of Corrections, who at all time mentioned in this complaint, held the rank of Officer assigned to Suwannee Correctional Institution. On January 29, 2013, Officer Horn along with 2 other officers kicked and brutally beat Plaintiff causing neck, lower back, shoulder, right knee pain and emotional harm. See EXHIBIT.

12. Defendant _____ Williamson is a correctional officer with the Florida Department of Corrections, who at all time mentioned in this complaint, held the rank of Officer assigned to Suwannee Correctional Institution. On September 28, 2012, Officer Williamson along with Sgt. L Corbin had plaintiff taken out of Dorm handcuffed and then threatened to gas, beat, hide in confinement, lie on and give false gunning charges if he didn't withdraw grievances 231-12-08-079 and 231-12-07-100, causing Plaintiff mental and emotional harm that later led to a brutal beating by several officers. See EXHIBIT.

**13.** Defendant J. Aviles, CHO, a medical doctor with the Florida Department of Corrections, at Union Correctional Institution. Knew of my back, neck, shoulder and right knee problems and has failed to give me the appropriate medical care. Plaintiff has serious physical harm and pain. Prescribing only IB Profen and Naproxen. See EXHIBITS.

**14.** Defendant W.D. Rummel, M.D., a medical doctor with the Florida Department of Corrections, at Santa Rosa Correctional Institution. Is aware of Plaintiff's neck, lower back, right shoulder and right knee problems and has failed to give plaintiff the appropriate medical care. Plaintiff is in serious physical pain. Defendant W.D. Rummel, M.D. is only giving Plaintiff IB Profen and Naproxen. See EXHIBITS.

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, treaties of the United States you claim have been violated. **Be Specific**. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

**1.** Defendant Michael Crews' action in knowing Plaintiff's life, safety and health was in great danger at Suwannee Correctional Institution acted in bad faith, gross negligence in violation of 768.28 F.S. and 944.35 F.S. by disregarding all Plaintiff's human rights. In violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments, Art. 19 and 17 Fla. Const. and violated (FDOC) own rules 33-208.002 (8) policy constitutes the Tort of Assault and Battery in violation 775.803-4 F.S. as liable as plaintiff was brutally beaten inside the property room of a Florida Department of Corrections, under the supervision of Defendant Michael Crews Secretary of the Department of Corrections.

**2.** Defendant Jefferey Beasley's action in knowing Plaintiff's life, safety and health was in great danger at Suwannee Correctional Institution acted in bad faith, gross negligence in violation of 768.28 F.S. and 944.35 F.S. by disregarding all Plaintiff's human rights. In violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional

Amendments, Art. 19 and 17 Fla. Const. and violated (FDOC) own rules 33-208.002 (8) policy constitutes the <u>Tort</u> of Assault and Battery in violation 775.803-4 F.S. as <u>liable</u> as plaintiff was <u>brutally beaten</u> inside the property room of a Florida Department of Corrections, under the supervision of Defendant Jefferey Beasley as the Inspector General.

**3.** Defendant Sgt. L. Corbin's actions in using excessive physical force upon and against Plaintiff without any justification was done with a <u>maliciously</u> and <u>sadistically</u> "<u>Act</u>" intentionally to cause harm and injury to Plaintiff with physical harm. In violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments, while Plaintiff was restrained defenseless in violation of 768.28 F.S.; and violation of 33-208.002 (8) (12) (19) policy and 42 U.S.C. §12101-12213.

**4.** Defendant _____ Silva's actions in using excessive physical force upon and against Plaintiff without any justification was done with a <u>maliciously</u> and <u>sadistically</u> "<u>Act</u>" intentionally to cause harm and injury to Plaintiff with physical harm. In violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments, while Plaintiff was restrained defenseless in violation of 768.28 F.S.; and violation of 33-208.002 (8) (12) (19) policy and 42 U.S.C. §12101-12213.

**5.** Defendant _____ Horn's actions in using excessive physical force upon and against Plaintiff without any justification was done with a <u>maliciously</u> and <u>sadistically</u> "<u>Act</u>" intentionally to cause harm and injury to Plaintiff with physical harm. In violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments, while Plaintiff was restrained defenseless in violation of 768.28 F.S.; and violation of 33-208.002 (8) (12) (19) policy and 42 U.S.C. §12101-12213.

**6.** Defendant K. W. Butler's actions in using excessive physical force upon and against Plaintiff without any justification was done with a <u>maliciously</u> and <u>sadistically</u> "<u>Act</u>" intentionally to cause harm and injury to Plaintiff with physical harm. In violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments,

while Plaintiff was restrained defenseless in violation of 768.28 F.S.; and violation of 33-208.002 (8) (12) (19) policy and 42 U.S.C. §12101-12213.

**7.** Defendant Sgt. L. Corbin's actions in committing Assault and Battery upon and against Plaintiff without any justification constitutes the tort of Assault and Battery in violation of 775.803-4 Florida Statute, by actions in bad faith, gross negligence with disregards to all human rights of Plaintiff, fundamental Constitution in violation of my 1st, 8th and 14th U.S. Constitutional Amendments and in violation of (FDOC) own rules under F.A.C. 33-208.002 (8) (12) (19) policy by way of beating Plaintiff inside property room out of view of camera while Plaintiff was restrained, defenseless and posed no physical threat, in violation of 944.35 Fla. Stat. and 768.28 Fla. Stat. and Art. 1, 17 Fla. Const., action was done with a malicious intent to cause great bodily harm to injure Plaintiff. 42 U.S.C. § 12101-12213.

**8.** Defendant _____ Silva's actions in committing Assault and Battery upon and against Plaintiff without any justification constitutes the tort of Assault and Battery in violation of 775.803-4 Florida Statute, by actions in bad faith, gross negligence with disregards to all human rights of Plaintiff, fundamental Constitution in violation of my 1st, 8th and 14th U.S. Constitutional Amendments and in violation of (FDOC) own rules under F.A.C. 33-208.002 (8) (12) (19) policy by way of beating Plaintiff inside property room out of view of camera while Plaintiff was restrained, defenseless and posed no physical threat, in violation of 944.35 Fla. Stat. and 768.28 Fla. Stat. and Art. 1, 17 Fla. Const., action was done with a malicious intent to cause great bodily harm to injure Plaintiff. 42 U.S.C. § 12101-12213.

**9.** Defendant _____ Horn's actions in committing Assault and Battery upon and against Plaintiff without any justification constitutes the tort of Assault and Battery in violation of 775.803-4 Florida Statute, by actions in bad faith, gross negligence with disregards to all human rights of Plaintiff, fundamental Constitution in violation of my 1st, 8th and 14th U.S. Constitutional Amendments and

in violation of (FDOC) own rules under F.A.C. 33-208.002 (8) (12) (19) policy by way of beating Plaintiff inside property room out of view of camera while Plaintiff was restrained, defenseless and posed no physical threat, in violation of 944.35 Fla. Stat. and 768.28 Fla. Stat. and Art. 1, 17 Fla. Const., action was done with a malicious intent to cause great bodily harm to injure Plaintiff. 42 U.S.C. § 12101-12213.

**10.** Defendant K. W. Butler's actions in committing Assault and Battery upon and against Plaintiff without any justification constitutes the <u>tort</u> of Assault and Battery in violation of 775.803-4 Florida Statute, by actions in bad faith, gross negligence with disregards to all human rights of Plaintiff, fundamental Constitution in violation of my 1st, 8th and 14th U.S. Constitutional Amendments and in violation of (FDOC) own rules under F.A.C. 33-208.002 (8) (12) (19) policy by way of gassing defenseless mentally illed American disabled American who posed no physical threat in violation of 944.35 Fla. Stat. and 768.28 Fla. Stat. and Art. 1, 17 Fla. Const., 42 U.S.C. § 12101-12213. Action was done with a malicious intent to cause great bodily harm to injure Plaintiff.

**11.** Defendant Warden _LANDER,_____ actions in disregarding to protect Plaintiff, knowing Plaintiff's life, safety and health were in great danger at his prison, acted in bad faith and gross negligence by disregarding all human rights of Plaintiff. In violation of 768.28 F.S. and 944.35 F.S. knowing that Plaintiff had been constantly subjected to retaliation and physical abuse, failed to take <u>corrective</u> <u>action</u> to <u>curb</u> his low ranking officer's misconduct at his prison this act by the Warden was done with a maliciously and sadistically <u>act</u> to cause great bodily harm to injure Plaintiff, in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments and Art. 1, 17 Fla. Const. In violation of 944.35 F.S. and violation of 42 U.S.C. § 12101-12213 action constituted the <u>tort</u> of Assault and Battery in violation of 775.803-4 Fla. Stat. Plaintiff was brutally beaten inside the property room.

MoCK

**12.** Defendant Asst. Warden's actions in knowing Plaintiff's life, safety and health were in great danger at his prison, <u>acted</u> in bad faith and gross negligence in violating of 768.28 F.S. and 944.35 F.S. by disregarding all Plaintiff's human rights in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments and Art. 19 and 17 of Fla. Const. and violated (FDOC) own rules 33-208.002 (8) policy constitutes the <u>tort</u> of Assault and Battery in violation of 775.803-4 Fla. Stat., 42 U.S.C. § 12101-12213. As liable, as Plaintiff was <u>brutally beaten</u> inside the property room off view of cameras while defenseless.

Levers

**13.** Defendant Asst. Warden's actions in failing to take <u>corrective action</u> to curb his lower ranking officer's misconduct after he was made aware of the <u>Retaliation</u> acts, that Plaintiff had been subjected to and that Plaintiff's life, safety and health were in great danger at his prison, <u>acted</u> in bad faith and gross negligence with disregard to all of Plaintiff's human rights, in violating Plaintiff's 1st, 8th, and 14th U.S. Constitutional Amendment rights and Art. 19 and 17 of Fla. Const. and violated (FDOC) own rules 33-208.002 (8) policy constitutes the tort of Assault and Battery in violation of 775.803-4 Fla. Stat, 42 U.S.C.> § 12101-12213. As liable, as Plaintiff was <u>brutally beaten</u> inside the property room.

**14.** Defendant Major Lukens' actions in knowing Plaintiff's life, safety and health were in great danger at his prison, <u>acted</u> in bad faith and gross negligence in violating 768.28 F.S. and 944.35 F.S. by disregarding all Plaintiff's human rights in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments and Art. 19 and 17 of Fla. Const. and violated (FDOC) own rules 33-208.002 (8) policy constitute <u>tort</u> of Assault and Battery in violation of 775.803-4 Fla. Stat., 42 U.S.C. § 12101-12213 as liable as Plaintiff was <u>brutally beaten</u> inside the property room off view of camera.

**15.** Defendant Major Pride's actions in knowing Plaintiff's life, safety and health were in great danger at his prison, <u>acted</u> in bad faith and gross negligence in violating 768.28 F.S. and 944.35 F.S. by disregarding all Plaintiff's human rights in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments and Art. 19 and 17 of

Fla. Const. and violated (FDOC) own rules 33-208.002 (8) policy constitute tort of Assault and Battery in violation of 775.803-4 Fla. Stat., 42 U.S.C. § 12101-12213 as liable as Plaintiff was brutally beaten inside the property room off view of camera.

**16.** Defendant Officer Williamston's actions in knowing Plaintiff's life, safety and health were in great danger at his/her work place, acted in bad faith and gross negligence in violating 768.28 F.S. and 944.35 F.S. by disregarding all Plaintiff's human rights in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional Amendments and Art. 19 and 17 of Fla. Const. and violated (FDOC) own rules 33-208.002 (8) policy constitute tort of Assault and Battery in violation of 775.803-4 Fla. Stat., 42 U.S.C. § 12101-12213 as liable as Plaintiff was brutally beaten inside the property room off view of camera.

**17.** Defendant J. Aviles, CHO, medical doctor at Union Correctional Institution with the Florida Department of Corrections violated the United States 8th Amendment by not providing Plaintiff the proper medical care for Plaintiff neck, lower back, right shoulder, and right knee. This gross negligence and deliberate indifference has caused Plaintiff much pain and suffering as Plaintiff medical condition continues to deteriorate, The IB Profen that Defendant prescribed is eating the lining out of Plaintiff's stomach Defendant refuses to treat Plaintiff with anything else.

**18.** Defendant W.D. Rummel, M.D., medical doctor at Santa Rosa Correctional Institution with the Florida Department of Corrections violated the United States 8th Amendment by not providing Plaintiff the proper medical care for Plaintiff's neck, lower back, right shoulder and right knee. This gross negligence and deliberate indifference has caused Plaintiff much pain and suffering as Plaintiff medical condition continues to deteriorate, The IB Profen that Defendant prescribed is eating the lining out of Plaintiff's stomach Defendant refuses to treat Plaintiff with anything else.

**19.** All Defendants actions and inactions violated Plaintiff's (Equal Protection of Law) in violation of Plaintiff's 14th U.S. Constitutional rights, and was outside the

scope of their, each employment under color of State law as the Defendant acted under color of State and are still employed under Color of State Law as this complaint is being filed.

**20.** All Defendant's actions and inactions constitute the <u>tort</u> of Assault and Battery in violation of 775.803-4 Fla. Stat. and in violation of 18 U.S.C. 242 (2). See *U.S. v Budd*, 496 F. 3d 517 (C.A. 6) (Ohio 2007).

## VII. RELIEF REQUESTED:

**State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/statutes.**

   **WHEREFORE**, Plaintiff respectfully prays that his court enter judgment granting Plaintiff:

   1.  Defendant <u>Michael Crews</u> is being sued for $100,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the <u>vicious brutal beating</u> by Department of Corrections officer's which violated Plaintiff's 1st, 8th and 14th U.S. Constitutional rights and is being sued in his/her individual and official capacity under Color of State Law.

   2.  Defendant <u>Jefferey Beasley</u> is being sued for $100,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the <u>vicious brutal beating</u> by Department of Corrections' officers which violated Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. This misconduct by Florida Department of Corrections' officers and knowingly failing to immediately take corrective action to <u>curb</u> such retaliation acts by (FDOC) officers. Is being sued in his/her individual and official capacity under Color of State Law.

   3.  Defendant Warden Lander, _____is being sued for $150,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the <u>vicious brutal beating</u> by Department of Corrections officer's which violated Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. This misconduct by Florida Department of Corrections' officers and knowingly failing to immediately take

corrective action to curb such retaliation acts by (FDOC) officers. Is being sued in his/her individual and official capacity under Color of State Law.

4. Defendant Asst. Warden E. Mock, _____ is being sued for $150,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections officer's which violated Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. This misconduct by Florida Department of Corrections' officers and knowingly failing to immediately take corrective action to curb such retaliation acts by (FDOC) officers. Is being sued in his/her individual and official capacity under Color of State Law.

5. Defendant Asst. Warden Levens, _____ is being sued for $150,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections officer's which violated Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. This misconduct by Florida Department of Corrections' officers and knowingly failing to immediately take corrective action to curb such retaliation acts by (FDOC) officers. Is being sued in his/her individual and official capacity under Color of State Law.

6. Defendant Major Lukens, _____ is being sued for $150,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections officer's which violated Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. This misconduct by Florida Department of Corrections' officers and knowingly failing to immediately take corrective action to curb such retaliation acts by (FDOC) officers. Is being sued in his/her individual and official capacity under Color of State Law.

7. Defendant Major Pride, _____ is being sued for $150,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections officer's which violated Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. This misconduct by Florida Department of Corrections' officers and knowingly failing to immediately take

corrective action to curr such retaliation acts by (FDOC) officers. Is being sued in his/her individual and official capacity under Color of State Law.

8. Defendant K.W. Butler, _____ is being sued $175,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections' officers, in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. Defendant is being sued in his/her individual and official capacity.

9. Defendant Sgt. L. Corbin,_____ is being sued $175,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections' officers, in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. Defendant is being sued in his/her individual and official capacity.

10. Defendant Sgt. Silva, _____ is being sued $175,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections' officers, in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. Defendant is being sued in his/her individual and official capacity.

11. Defendant Officer Horn, _____ is being sued $175,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections' officers, in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. Defendant is being sued in his/her individual and official capacity.

12. Defendant Officer Williamson, _____ is being sued $175,000.00 dollars for Plaintiff's physical and emotional injuries Plaintiff sustained from the vicious brutal beating by Department of Corrections' officers, in violation of Plaintiff's 1st, 8th and 14th U.S. Constitutional rights. Defendant is being sued in his/her individual and official capacity.

**13.** Defendant J. Aviles, _____ is being sued $150,000.00 dollars for deliberate indifference Defendant has shown towards Plaintiff's medical care and need. Defendant is being sued in his/her individual and official capacity.

**14.** Defendant W.D. Rummel, _____ is being sued $150,000.00 dollars for deliberate indifference Defendant has shown towards Plaintiff's medical care and need. Defendant is being sued in his/her individual and official capacity.

**15.** All Defendants are being sued $200,000.00 dollars jointly.

**16.** Plaintiff is seeking trial by jury.

**17.** Plaintiff is requesting ~~Military~~ and ~~Sup~~ ~~settlement~~ ~~against~~ ~~Defendants~~ that used Excessive Force.

**18.** Plaintiff is requesting that all Defendants pay court cost and fees. Cover all medical cost in this action and cover all attorney fees. Plaintiff is seeking outside, second medical opinion.

**19.** Plaintiff is requesting that the court enter an order that Plaintiff be protected at tall times and that an injunction or temporary injunction be placed on all Defendants keeping them away from plaintiff who is mentally ill and an American disabled inmate. So there will be no further harm, or retaliation.

**20.** Plaintiff is requesting appointment of counsel in this action. Plaintiff is mentally ill and a disabled American on psychiatric medication being treated for Major Depression and psychotic features.

**21.** Plaintiff is requesting that $50,000.00 dollars punitive damages be assessed against each defendant separately in this action.

**22.** Plaintiff is requesting that $50,000.00 dollars compensatory damages be awarded for the physical and emotional harm to be assessed against each Defendant separately in this action.

**23.** Plaintiff is requesting that $35,000.00 dollars nominal damages be assessed against each defendant separately in this action.

**24.** Plaintiff is requesting that all negative, reports, charges, D.R.'s be removed and expunged from Plaintiff's file and he be taken off Close-management, for charges he did not commit.

## I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

_1 - 12 - 14_
(Date)

Eddie Powell Jr 777329
Eddie Powell DC# 777329, *pro se*

## MAILED BY INMATE:

**I DECLARE** (or certify, verify, or affirm) under penalty of perjury that his complaint was delivered to prison officials for mailing, on this _12th_ day of _January_, 20_14_.

Eddie Powell Jr 777329
Eddie Powell DC# 777329
Santa Rosa Correctional Institution (~~Annex~~)
5850 East Milton Road
Milton, Florida  32583 - 7914

- 22 -